```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

CORNELIUS TUCKER, JR.,

    Plaintiff,

v.                              CIVIL ACTION No. 1:05-0629

JOHN W. SNOW, Secretary of
Treasure, et al.,

    Defendants.

**MEMORANDUM OPINION**

      By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge VanDervort submitted to the court his Findings and Recommendations on January 17, 2005, in which he recommended that the court deny plaintiff's application to proceed in forma pauperis, dismiss this case, and remove the matter from the docket of the court.

      In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendations. The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). On January 26, 2006, plaintiff filed handwritten "Plaintiff's Proposed Objections to R.C. VanDervort Magistrate's racially motivated consanguinity cronyism Finding by a Caucasian Judicial Abuse of discretion In a biased Prejudicial misconduct Due Process Equal Protection Violation". Most of this document does not specifically address Magistrate Judge VanDervort's Proposed Findings

...

and Recommendation and, rather, is more a general rejection of the Proposed Findings and Recommendation and denunciation of a number of things, including the courts.  See, e.g., Objections at 1 ("No one respects courts or judges.").

Pursuant to § 636(b)(1), a district court is required to conduct a de novo review of those portions of the magistrate judge's report to which a specific objection has been made.  The court need not conduct de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Fed. R. Civ. P. 72(b) ("The district court to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.").

Plaintiff's objections are, in large part, illegible.  Furthermore, on the whole, they are incomprehensible.  For example, plaintiff writes:

> Justices Burger (Dead) + Rhenquist [sic] (dead) rolled back civil rights.  I deny any defects in this suit.  Basically W. Va. Is a racist state of redundant bafoon [sic] judiciary committed to nonesense [sic] and cronyism.  I don't care.  it's a game.  Just as our Bin Laden play against caucasions.  No one respects courts or judges.  It's a playstation.  Each instance African Americans as myself learn the simple laws and in lesser time than the judiciary an obstacle course is erected to obstruct.

Objections at 1.  This excerpt makes clear that plaintiff's objections are not the type of objections contemplated by the federal rules.  They are a more a tirade and have nothing to do with the specifics of Magistrate Judge VanDervort's Proposed Findings and Recommendation.

2

Because plaintiff's objections are "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," they are OVERRULED.

For the reasons set forth above, the court overrules plaintiff's objections to the Magistrate's Findings and Recommendations.  Accordingly, the court adopts his Findings and Recommendation and **DENIES** plaintiff's motion to proceed in forma pauperis, and **DISMISSES** this case.

The Clerk is directed to forward a copy of this Memorandum Opinion to counsel of record and plaintiff.  The Clerk is further directed to remove this action from the active docket of this court.

**IT IS SO ORDERED** this 17th day of March, 2006.

ENTER:

David A. Faber
Chief Judge